PEOPLE *ex rel.* CARMAN *v.* MACLEAN *et al.*, Police Com'rs.

*(Supreme Court, General Term, First Department.* December 29, 1890.)

DISMISSAL OF POLICEMAN—REVIEW.

A decision of police commissioners, dismissing relator from the police force for drunkenness, will not be disturbed, though it is doubtful whether, on the occasion in question, he was under the influence of drink or of drugs, where in his testimony he does not deny having taken any intoxicating drink.

*Certiorari* on the relation of Thomas A. Carman to review the action of the board of police commissioners of the city of New York in dismissing relator from the police force.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*John M. Tierney,* for relator. *William H. Clark,* Corp. Counsel, *(E. H. Hawks. Jr.,* and *Charles A. O'Neil,* of counsel,) for respondents.

BARRETT, J. There was no such preponderance of evidence in this case in favor of the relator as would justify us, under the authorities, in reversing the action of the board. All that can possibly be said is that the question whether the relator was under the influence of drugs or drink was a doubtful one. But there was one significant fact which seems to have been overlooked by the learned counsel, and that is that, while the relator pleaded not guilty to the charge, he nowhere in his testimony denied having taken any intoxicating drink on the night in question. His testimony was elaborate and detailed with regard to his movements, and he told the board that, under medical advice, he had taken a preparation of morphine and belladonna, which might, according to the statement of his physician, have reduced him to the unconscious state in which he was found. But this physician also stated that the doses which he prescribed were not sufficient, under ordinary circumstances, to produce the effect claimed by the relator. They might, however, have done so, he explained, in view of the relator's mental worry; and so they might also have acted more intensely if supplemented by drink. Now, although the roundsman and the police surgeon, who first examined the relator when he was brought to the station-house, pronounced him intoxicated, and declared that the smell of liquor proceeded from his breath, he contented himself with proof of illness, worry, and the use of these drugs. The fair inference is that drink had been added to his other burdens, and that the totality was too much for him. There is no principle upon which we can interfere on his behalf, and the writ should be dismissed, with costs. All concur.